## UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH BERGER,<br>3001 Route 130<br>Delran, NJ 08075<br><br>           Plaintiff,<br><br>    v.<br><br>MARRIOTT INTERNATIONAL, INC.<br>10400 Fernwood Road<br>Bethesda, MD 20817,<br><br>           Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>: CIVIL ACTION NO.<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

### NOTICE OF REMOVAL

TO:    CLERK OF THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA

          United States District Court for the Eastern District of Pennsylvania
          United States Courthouse
          601 Market Street
          Philadelphia, PA  19106

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Marriott International, Inc., ("Marriott"), by and through its undersigned counsel, hereby gives notice of removal of this action from the Court of Common Pleas for Philadelphia County, Pennsylvania, Civil Law Division, where it is pending as Case No. 200401369, to the United States District Court for the Eastern District of Pennsylvania.  As set forth more fully below, the case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Marriott satisfies the procedural requirements for removal under 28 U.S.C. § 1446, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.  In support of removal, Marriott avers:

## THE STATE COURT ACTION

1. Plaintiff, Joseph Berger, is an individual who resides at 3001 Route 130, Delran, New Jersey. See Complaint, attached hereto as Exhibit A.

2. Plaintiff filed the Complaint on April 27, 2020. According to a certificate of service provided by Plaintiff's counsel, Marriott International, Inc. was served with the Complaint on May 4, 2020.

3. Plaintiff alleges that he incurred injuries after he fell in the bathtub of a guest room in the Portland Marriott Downtown Waterfront Hotel, located at 1401 SW Naito Parkway, Portland, Oregon. See Ex. A, ¶¶ 5, 8.

4. Plaintiff alleges claims against Marriott for negligence. Id. ¶¶ 8-17.

## DIVERSITY JURISDICTION

5. Under 28 U.S.C. § 1332(a)(1), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different States."

6. This action satisfies the complete diversity of citizenship requirement of 28 U.S.C. § 1332(a)(1).

7. Plaintiff's verified Complaint declares that he is an individual who resides in New Jersey. Plaintiff is therefore a citizen of the state of New Jersey.

8. A corporation is a citizen of the state in which it is incorporated and in which it maintains its principle place of business. See 28 U.S.C. § 1332(c).

9. At all relevant times, Marriott International, Inc. was and is a Delaware corporation with its principal place of business located at 10400 Fernwood Road in Bethesda, Maryland 20817.

10. Therefore, for diversity of citizenship purposes, Marriott International, Inc. is a citizen of the states of Delaware and Maryland.

11. Complete diversity exists where Plaintiff is a citizen of the state of New Jersey and Marriott is a citizen of the states of Delaware and Maryland.

12. This action also satisfies the amount in controversy requirement of 28 U.S.C. § 1332(a).

13. The sum demanded in the complaint shall be deemed to be the amount in controversy, but in instances in which the complaint does not specify an amount in controversy, the defendant may assert that it exceeds the threshold if state practice "permits recovery of damages in excess of the amount demanded." See 28 U.S.C. § 1446(c)(2)(A)(ii).

14. Plaintiff's Complaint seeks compensatory damages against Marriott "in an amount exceeding Fifty Thousand Dollars ($50,000.00), plus interest and costs of suit." Plaintiff further avers that he "suffered severe injuries and damages[;]" "has been obliged, and may in the future be obliged to spend money to treat his injuries[;]" "suffered, and may in the future suffer, mental, physical, emotional, and psychological pain, distress and suffering[;]" "has been prevented, and may in the future be prevented from performing his daily activities[;]" "suffered, and may continue to suffer losses of life's pleasures[;]" "suffered serious impairments of bodily function[;]" "suffered embarrassment and humiliation[;]" and "suffered cosmetic disfigurement." See Ex. A ¶¶ 10-17.

15. Based on Plaintiff's allegations in the Complaint, it is therefore averred that the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

16. Accordingly, the United States District Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

## REMOVAL JURISDICTION

17. This action is properly removed pursuant to 28 U.S.C. §§ 1441 and 1446.

18. Under Section 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." See 28 U.S.C. § 1441(a). Section 1441(b) further provides that "such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought." Id. § 1441(b).

19. Plaintiff filed this action in the Court of Common Pleas of Philadelphia County. The Eastern District of Pennsylvania is the judicial district embracing Philadelphia County, the place where the State Action was brought, and, therefore, is the proper district court to which this case should be removed. See 28 U.S.C. §§ 1441(a), 1446(a).

20. Under Section 1446(b), the notice of removal shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief. See 28 U.S.C. § 1446(b).

21. Marriott was served with the Complaint on May 4, 2020. Marriott is filing this notice within thirty (30) days of service of the Complaint pursuant to 28 U.S.C. § 1446(c). Therefore, this removal is timely because 30 days have not elapsed from the date of service of the Complaint.

22. Pursuant to Section 1446(b)(2)(A), Marriott, the only named defendant, consents to removal.

23. Further, pursuant to Section 1446(a), Marriott is simultaneously filing with this Notice of Removal copies of all process, pleadings, orders, and other papers or exhibits of every kind existing on file in the Court of Common Pleas of Philadelphia County in this removed action.

24. Additionally, Marriott is filing a copy of this petition for removal with the Prothonotary of the Court of Common Pleas of Philadelphia County.  See 28 U.S.C. § 1446(d).

25. Marriott reserves the right to raise all defenses and objections in this action after the action is removed to this Court.

WHEREFORE, Defendant, Marriott International, Inc., hereby removes this action now pending against it in the Court of Common Pleas of Philadelphia County to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

COZEN O'CONNOR

BY: _____
Paul K. Leary, Jr., Esq.
Michael J. Melusky, Esq.
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103
pleary@cozen.com
mmelusky@cozen.com
*Attorneys for Defendant*

Dated:  May 28, 2020

## **CERTIFICATE OF SERVICE**

I, Paul K. Leary, Esquire, attorney for Defendant, hereby certify that a copy of the foregoing Notice of Removal was served upon the following counsel via email on May 28, 2020, addressed as follows:

Steven E. Wolfe, Esquire
STEVEN E. WOLFE, ATTORNEY AND COUNSELLOR AT LAW
295 Buck Road, Suite 202
Holland, Pennsylvania 18966
steve@wolfelawoffice.com
*Attorneys for Plaintiff*

_____
Paul K. Leary, Esq.