IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH BERGER | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MARRIOTT INTERNATIONAL, INC. | : | NO. 20-2508 |

**MEMORANDUM**

Padova, J.                                                                    August 19, 2020

Plaintiff Joseph Berger brought this negligence action against Defendant Marriott International, Inc. ("Marriott"), after he was injured in a Marriott hotel room in Portland, Oregon.  In the Complaint, Plaintiff alleges that he slipped and fell in his hotel room bathtub as a result of Marriott's carelessness and negligence.  Marriott moves to transfer the case to the United States District Court for the District of Oregon pursuant to 28 U.S.C. § 1404(a).  For the following reasons, the Motion is denied.

**I.      Background**

The Complaint alleges that Plaintiff Joseph Berger is a resident of the District of New Jersey. (Compl. ¶ 1.)  Defendant Marriott is a Delaware corporation with its principal place of business in the District of Maryland.  (Id. ¶ 2; Notice of Removal ¶ 9.)  On November 3, 2018, Plaintiff was staying at the Portland Marriott Downtown Waterfront Hotel ("the Hotel") as a business invitee with his former fiancé Bill Dorsey, when he slipped and fell in the bathtub of Marriott's guest room 512. (Compl. ¶¶ 7-8; Pl.'s Aff., Ex. B to Pl.'s Mem., ¶ 3.)  As a result of the fall, Plaintiff suffered a left knee meniscus tear, lumbosacral disc displacement, and other injuries.  (Compl. ¶ 10.)  According to the Complaint, Marriott owned, operated, managed, directed, and/or controlled the Hotel.  (Id. ¶ 5.) Plaintiff alleges that he slipped and fell as a result of Marriott's carelessness and negligence in failing to, inter alia, maintain the bathtub surface, install slip/fall prevention mechanisms and safety fixtures in the bathtub, properly affix the shower curtain rods to the bathroom walls, inspect and remediate

dangerous conditions, warn its business invitees of dangerous conditions, and properly train its agents on inspection, maintenance, care and repair procedures for its guest room bath facilities.  (Id. ¶ 9.)

Plaintiff filed the Complaint against Marriott in the Court of Common Pleas of Philadelphia County on April 27, 2020, and Marriott removed the case to this Court on the basis of diversity jurisdiction on May 28, 2020.  Marriott filed the instant Motion to Transfer this action to the District of Oregon, where the Hotel is located, on June 30, 2020.

## II.     Legal Standard

Title 28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  28 U.S.C. § 1404(a).  Analysis of a request for transfer pursuant to § 1404(a) has two components.  First, venue must be proper in both the original venue and the requested venue.  See Jumara v. State Farm Ins. Co., 55 F.3d 873, 878 (3d Cir. 1995).  Second, because the purpose of allowing transfers pursuant to § 1404(a) is "to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense," Van Dusen v. Barrack, 376 U.S. 612, 616 (1964) (quotations omitted), the court is required to undertake a balancing test to decide whether "'the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum.'"  Jumara, 55 F.3d at 879 (quoting 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure: Jurisdiction and Related Matters § 3847 (2d ed. 1986)).  A district court has discretion "to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'"  Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (quoting Van Dusen, 376 U.S. at 622).  The United States Court of Appeals for the Third Circuit established a non-exhaustive list of pertinent public and private

interest factors to be considered when balancing these considerations.  <u>Jumara</u>, 55 F.3d at 879-80.

The private factors include:

> [1] plaintiff's forum preference as manifested in the original choice; [2] the defendant's preference; [3] whether the claim arose elsewhere; [4] the convenience of the parties as indicated by their relative physical and financial condition; [5] the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and [6] the location of books and records (similarly limited to the extent that the files could not be produced in the alterative forum).

<u>Id.</u> at 879 (citations omitted).  The public factors include:

> [1] the enforceability of the judgment; [2] practical considerations that could make the trial easy, expeditious, or inexpensive; [3] the relative administrative difficulty in the two fora resulting from court congestion; [4] the local interest in deciding local controversies at home; [5] the public policies of the fora; and [6] the familiarity of the trial judge with the applicable state law in diversity cases.

<u>Id.</u> at 879-80 (citations omitted).  "The burden is on the moving party to establish that a balancing of proper interests weigh[s] in favor of the transfer, and unless the balance of convenience of the parties is strongly in favor of defendant, the plaintiff's choice of forum should prevail."  <u>Shutte v. Armco Steel Corp.</u>, 431 F.2d 22, 25 (3d Cir. 1970) (quotation omitted) (citation omitted).

## III.    Discussion

Our first obligation under § 1404 is to determine whether this action could have been brought in the District of Oregon, the proposed transferee district.  <u>See</u> 28 U.S.C. § 1404(a).  Neither party argues that venue would not be appropriate in the District of Oregon, and we therefore accept as undisputed that this action could have been brought in that district.

"Once it is determined that a case could have been brought in the proposed transferee district, a court must weigh a variety of private and public factors to determine whether the matter should be transferred under 28 U.S.C. § 1404(a)."  <u>Swill Beverages, LLC v. U.S. Distilled Prods. Co.</u>, Civ. A. No. 15-5181, 2015 WL 9191470, at *1 (E.D. Pa. Dec. 17, 2015).  Transfer is appropriate when the

balance of the private and public factors "tips decidedly in favor of trial in the foreign forum." <u>Lacey v. Cessna Aircraft Co.</u>, 932 F.2d 170, 180 (3d Cir. 1991) (citation omitted).

### A. Private Factors

#### 1. Plaintiff's Forum Preference

Plaintiff's choice to bring the case in this district is not an obvious one, but when a plaintiff brings an action in a court with jurisdiction, "'the plaintiff's choice of forum should rarely be disturbed, unless the balance of factors is strongly in favor of the defendant.'" <u>Lony v. E.I. Du Pont de Nemours & Co.</u>, 886 F.2d 628, 632 (3d Cir. 1989) (quoting <u>Lacey v. Cessna Aircraft Co.</u>, 862 F.2d 38, 43 (3d Cir. 1988)). As the Third Circuit has stated,

> A plaintiff's choice of forum is normally due considerable deference, although a foreign plaintiff's choice may deserve less deference because it may be less reasonable to assume that a venue which is not the plaintiff's home forum is convenient. Still, that reduced deference "is not an invitation to accord a foreign plaintiff's selection . . . *no* deference . . . .

<u>Lony v. E.I. Du Pont de Nemours & Co.</u>, 935 F.2d 604, 609 (3d Cir. 1991) (citations omitted). A plaintiff's choice of forum is also entitled to less deference "when none of the operative facts occurred in the selected forum." <u>Harper v. Sky King Fireworks, Inc.</u>, Civ. A. No. 20-2031, 2020 WL 4039060, at *2 (E.D. Pa. July 16, 2020) (citing <u>Lindley v. Caterpillar, Inc.</u>, 93 F. Supp. 2d 615, 617 (E.D. Pa. 2000)).

In this case, Plaintiff lives in Delran, New Jersey, which is about thirty minutes away from the Eastern District of Pennsylvania courthouse in Philadelphia. (Compl. ¶ 1.) Accordingly, while the Eastern District of Pennsylvania is not Plaintiff's home district, it is nevertheless a convenient forum for him. Moreover, although the slip and fall incident occurred in Oregon, Plaintiff received extensive medical treatment for his injuries in the Eastern District of Pennsylvania and, thus, some but not all of the facts that Plaintiff will be required to prove in his lawsuit occurred in this district. Accordingly, we conclude that Plaintiff's choice of forum deserves deference.

### 2. Defendant's Forum Preference

Marriott actively seeks transfer, arguing that where the claims arose, convenience, and access to evidence, among other factors, require such transfer. Accordingly, this factor weighs in favor of transferring the action to the District of Oregon. However, we also note that Defendant's forum choice "is entitled to considerably less weight than Plaintiff's, as the purpose of a venue transfer is not to shift inconvenience from one party to another." EVCO Tech. & Dev. Co. v. Precision Shooting Equip., Inc., 379 F. Supp. 2d 728, 730 (E.D. Pa. 2005) (citation omitted).

### 3. Where the Claim Arose

"Typically the most appropriate venue is where a majority of events giving rise to the claim arose." In re Amkor Tech., Inc. Sec. Litig., Civ. A. No. 06-298, 2006 WL 3857488, at *5 (E.D. Pa. Dec. 28, 2006) (citing Siegel v. Homestore, Inc., 255 F. Supp. 2d 451, 456 (E.D. Pa. 2003)). Plaintiff argues that this factor is neutral because the claim arose not only in Oregon, where the accident occurred, but also in Pennsylvania, where Plaintiff received treatment for his injuries. While we do not discount the fact that Plaintiff received medical treatment in the Eastern District of Pennsylvania, the fact remains that the claim primarily arose in Oregon, where Plaintiff sustained his injuries and the alleged negligence occurred. See Inaganti v. Columbia Props. Harrisburg LLC, Civ. A. No. 10-1651, 2010 WL 2471671, at *3 (E.D. Pa. June 15, 2010) (acknowledging that plaintiff's claim arose at the Marriott hotel where she was injured in the Middle District of Pennsylvania); Castrillon v. Wyndham Hotels & Resorts, LLC, Civ. A. No. 18-11392, 2018 WL 5342722, at *2 (D.N.J. Oct. 26, 2018) (concluding, in a negligence case involving a slip and fall at a hotel, that the claim arose in the district in which the hotel was located, which was where plaintiff fell, the negligence occurred, and the incident was reported). Accordingly, we conclude that this factor weighs in favor of transfer.

### 4. Convenience of Parties

"The fourth [private] factor directs district courts specifically to consider the respective burdens on the parties 'as indicated by their relative physical and financial condition.'" Edwards v. Equifax Info. Servs., LLC, 313 F. Supp. 3d 618, 623 (E.D. Pa. 2018) (quoting Jumara, 55 F.3d at 879). Here, Marriott is a large corporation with great financial resources, and it concedes that, because its principal place of business is in Maryland, from its standpoint, Oregon and Pennsylvania are "equally . . . convenient" fora for this litigation. (Def.'s Mem. at 6.) In contrast, Plaintiff is unemployed, disabled and receiving Social Security Disability benefits related to his diabetes, peripheral vascular disease and dual colostomy, and the Eastern District of Pennsylvania is a short drive from his home while Oregon is a long plane ride away. (Pl.'s Aff. ¶ 2.) Plaintiff further states in an affidavit that "[d]ue to [his] poor health and financial condition, if this case were transferred to Oregon, [he] would suffer enormous physical and financial hardship, and would not be able to travel to Oregon or remain there to pursue [his] claim or participate in a trial." (Id. ¶ 8.) Accordingly, this factor weighs decidedly against transfer.

### 5. Convenience of Witnesses

The fifth private interest factor addresses the location of witnesses, "but only to the extent that the witnesses may actually be unavailable for trial in one of the fora." Jumara, 55 F.3d at 879 (citation omitted). "The convenience of party witnesses or witnesses employed by a party is given minimal weight in this analysis because parties are obligated to produce the attendance of themselves and their employees." Kiker v. SmithKline Beecham Corp., Civ. A. No. 14-1445, 2014 WL 4948624, at *7 (E.D. Pa. Oct. 1, 2014) (citing Snyder v. Bertucci's Rest. Corp., Civ. A. No. 12-5382, 2012 WL 6601384, at *3 (E.D. Pa. Dec. 18, 2012)). "Consequently, the convenience of key nonparty witnesses and, more importantly, the ability to compel them to testify in person at trial, is the main focus of this factor." Id.

6

Marriott argues that potential witnesses in this case are current employees of the Hotel, including the Hotel's loss prevention officer and its engineer; another loss prevention officer who is no longer employed at the Hotel; and employees of Safe Step, Inc., a third party that provided anti-slip treatment at the Hotel.  (Aff. of J. Redhawk, attached as Ex. A to Def.'s Reply Mem., ¶¶ 4-8.)  While Marriott argues that it would be "incredibly inconvenient" for these witnesses to appear in Pennsylvania, it does not assert that the witnesses would be unavailable to testify in this district.  (Def.'s Reply Mem. at 6.)

Plaintiff, on the other hand, argues that his own witnesses, including the single eyewitness to his fall (his former fiancé Bill Dorsey), his treating physicians, and his medical expert witnesses, all reside in the Eastern District of Pennsylvania.  He further states that he will "likely be retaining an expert in hotel management and maintenance, who will also be located in or near the Eastern District of Pennsylvania."  (Pl.'s Resp. at 7.)  Plaintiff argues that, given his financial disadvantage, "the cost of transporting [these witnesses] to Oregon would be prohibitive."  (Id.)  Like Marriott, however, Plaintiff does not assert that any of these witnesses would be unavailable for trial.  Moreover, Marriott correctly notes that "expert witnesses . . . who are retained by a party to testify" carry less weight in the "balance of convenience analysis" than "[f]act witnesses who possess firsthand knowledge of the events giving rise to the lawsuit."  Coppola v. Ferrellgas, Inc., 250 F.R.D. 195, 199 (E.D. Pa. 2008) (citation omitted).  Ultimately, although neither party asserts that their witnesses would be unavailable in their non-preferred forum, because Plaintiff, unlike Marriott, has financial limitations in obtaining his witnesses' attendance, we conclude that this factor weighs at least slightly against transfer.

### 6.  Location of Books and Records

As with the location of witnesses, this factor is "only relevant to the extent that [the] books and records could not be produced in the alternative forum."  Kiker, 2014 WL 4948624, at *9 (citing Jumara, 55 F.3d at 879).  Moreover, "'the technological advances of recent years have significantly

reduced the weight of this factor in the balance of convenience analysis.'" <u>Copley v. Wyeth, Inc.</u>,

Civ. A. No. 09-722, 2009 WL 2160640, at *6 (E.D. Pa. July 17, 2009) (quoting <u>Lomanno v. Black</u>,

285 F. Supp. 2d 637, 647 (E.D. Pa. 2003)).  Thus, although Marriott argues that "all records that may

exist pertaining to the maintenance of the bathtub, daily cleaning, repairs, [and] installation of fixtures

by the Hotel or a third party are all located in Oregon," we do not find this fact to carry any meaningful

weight in our analysis.  (Def.'s Mem. at 8.)  Marriott also argues that any documents held by third-

party contractors would be unavailable by subpoena in this district because we may only command

production of documents "within 100 miles of where [the third party] resides, is employed, or

regularly transacts business in person."  Fed. R. Civ. P. 45(c)(2)(A).  However, the only third party

that Marriott identifies as potentially holding relevant documents is Safe Step, Inc., which performed

anti-slip treatment at the Hotel, and Marriott does not assert that Safe Step does not "regularly

transact[] business" at a location that would make it subject to our subpoena power.  <u>Id.</u>  Accordingly,

this factor is of little significance and we find it to be neutral in our analysis.

**B. Public Interest Factors**

**1. Enforceability of Judgment**

Neither party argues that a judgment in either the Eastern District of Pennsylvania or the

District of Oregon would be unenforceable.  Consequently, we do not give this factor any weight in

our analysis.  <u>See</u> <u>Copley</u>, 2009 WL 2160640, at *6 ("The parties did not present any argument in

their papers regarding the enforceability of any judgment.  Accordingly, the Court will grant this

factor no weight.").

**2. Practical Considerations that Could Make the Trial Easy, Expeditious, or Inexpensive**

As discussed above, Marriott alleges that all of its fact witnesses are located in Oregon, such

that the District of Oregon offers an easier and less expensive forum for this case.  However, as noted

above, Plaintiff also has fact witnesses—an eyewitness and medical treatment witnesses—that reside

in this district.  Accordingly, transfer to Oregon would likely shift the costs of litigation, rather than significantly reduce them.

Additionally, Marriott states that "[t]o the extent [that] Safe Step, Inc.'s employees caused or contributed to Plaintiff's alleged accident, they may likely need to be joined in this action."  (Def.'s Reply Mem. at 7.)  It further contends that "[g]iven that Safe Step, Inc. and its employees' culpable conduct, if any, occurred in Oregon, joinder would not be possible in this Court as the entity and individuals would not be subject to personal jurisdiction in the Eastern District of Pennsylvania." (Id.)  However, while Safe Step and its employees may not be subject to *specific* personal jurisdiction in this court, Marriott has not addressed the question of whether they would be subject to *general* personal jurisdiction.  See Hegna v. Smitty's Supply, Inc., Civ. A. No. 16-3613, 2017 WL 2563231, at *2 (E.D. Pa. June 13, 2017) (explaining that personal jurisdiction can be either specific or general (citing Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011))).  Moreover, "contending that a third party may potentially be implicated and that the potentially implicated third party might [be subject to suit in the transferee district] is not sufficient to show that transferring this case to [the transferee district] would make the trial easy, expeditious, or inexpensive." Trias v. QVC, Inc., Civ. A. No. 20-813, 2020 WL 2769585, at *4 (E.D. Pa. May 28, 2020) (citing Kiker, 2014 WL 4948624, at *7).  As such, we conclude that Marriott has failed to establish that transferring the case to Oregon would make the case easier, more expeditious, or inexpensive.  We therefore conclude that this factor is neutral in our analysis.

### 3.  Court Congestion

Neither party argues that court congestion weighs in favor or against transfer.  Even still, the March 2020 Judicial Caseload Profile shows that each trial judge in the District of Oregon handles more filings than each judge in the Eastern District of Pennsylvania (549 versus 383), and that Oregon civil cases take longer to disposition (11.8 months versus 5.8 months).  See United States Courts,

Federal       Court       Management       Statistics       (Mar.       31,       2020)

https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0331.2020.pdf.       Thus,

this district is the slightly preferable forum when considering court congestion and this factor weighs

slightly against transfer.

**4. Local Interest in Deciding Controversies at Home and Public Policies of the Fora**

Marriott argues that the District of Oregon has a greater interest in the action than this district

because the alleged culpable conduct occurred in Oregon and no Pennsylvania residents are party to

this case.  However, although Berger now resides in New Jersey, at the time of his slip and fall, he

was a resident of Bensalem, Pennsylvania, which is located in this district.  (Pl.'s Aff. ¶¶ 1, 3.)  This

Court retains a local interest in controversies involving its former residents.  See, e.g., Silvis v. Ambit

Energy, L.P., 90 F. Supp. 3d 393, 399 (E.D. Pa. 2015) (concluding that this district had the stronger

interest in the case, in part because the class of plaintiffs consisted of current and former Pennsylvania

residents); Dawson v. BGJ Enters., Inc., Civ. A. No. 96-3922, 1996 WL 684240, at *2 (E.D. Pa. Nov.

20, 1996) (recognizing that "it is at least an open question whether New York has a greater interest

in regulating New York-based media or whether Pennsylvania has a greater interest in protecting

former residents from libel"); cf. Nathan v. Takeda Pharm. U.S.A., Inc., Civ. A. No. 18-4547, 2019

WL 3216613, at *6 (E.D. Pa. July 17, 2019) (concluding that the Eastern District of Virginia had a

greater interest in the controversy in part because, at the time of the alleged unlawful conduct, plaintiff

resided in that district).  Accordingly, both the District of Oregon and this district have a local interest

in this controversy such that we consider this factor to be neutral.

**5. Familiarity of the Trial Judge with Applicable State Law**

The final public factor considers the familiarity of the trial judge with the applicable law.

Marriott argues that Oregon premises liability law will apply to this case because the slip and fall

occurred in Oregon.  However, even if this assertion is correct, we are fully equipped to apply the law of other states and do not find this factor to weigh significantly in favor of transfer.

### C.  Weighing the Factors

The balance of the factors presented in the instant case, when considered in light of the aforementioned legal precepts, weighs in favor of retaining jurisdiction.  While the cause of action primarily arose in Oregon, Plaintiff's choice of forum and the difficulties that he would face litigating his claims across the country definitively weigh against the requested transfer.  At a minimum, Marriott has failed to carry its burden of demonstrating that "the balance of convenience of the parties is *strongly* in favor of [transfer]."  Shutte, 431 F.2d at 25 (3d Cir. 1970) (emphasis added).  Therefore, we conclude that Plaintiff's choice of forum must prevail.  Id.

## IV.   Conclusion

In sum, upon consideration of the various private and public factors in the § 1404(a) analysis, we conclude that Marriott has not carried its burden of establishing that the convenience of the parties and the interests of justice warrant transfer to Oregon.  See 28 U.S.C. § 1404(a).  We therefore deny Defendant's Motion.  An appropriate Order follows.

BY THE COURT:

/s/ John R. Padova, J.

_____

John R. Padova, J.